IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| DEUTSCHE BANK NATIONAL TRUST COMPANY, as Trustee, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | ) Case No. 2:24-cv-517-ECM-SMD |
| STEVEN CLAYTON THOMASON, | )<br>)<br>) |
| Defendant. | ) |

## **RECOMMENDATION OF THE MAGISTRATE JUDGE**

This case arises from a long-standing, highly contentious legal battle between Plaintiff Deutsche Bank National Trust Company ("Deutsche Bank") and pro se Defendant Steven Clayton Thomason ("Thomason") relating to certain real property located in Montgomery, Alabama ("the property"). In this most recent iteration of the dispute,[1] Deutsche Bank filed a state court complaint, seeking to eject Thomason from the property and to receive a declaratory judgment that Thomason has forfeited his right of redemption. Compl. (Doc. 1-7) pp. 5, 6. Thomason removed the case to this Court, and this Court—finding that removal was not timely—remanded the matter back to state court. *Deutsche Bank Nat'l Trust Co. v. Thomason*, 2:23-cv-543-ECM-CWB (M.D. Ala. 2023).

---

[1] Other federal lawsuits include: *Thomason v. One West Bank, FSB, Indy Mac Bank, et al.*, 2:12-cv-604-MHT-WC (M.D. Ala. 2012) ("*Thomason I*"); *Thomason v. Ocwen Laon Servicing, LLC, et al.*, 2:19-cv-256-ECM-SMD (M.D. Ala. 2019) ("*Thomason II*"); *Thomason v. Deutsche Bank Nat'l Trust Co.*, 2:20-cv-292-WKW-KFP (M.D. Ala. 2020) ("*Thomason III*"); *Thomason v. Deutsche Bank Nat'l Trust Co.*, 2:21-cv-650-ECM-SMD (M.D. Ala. 2021) ("*Thomason IV*"); *Thomason v. Deutsche Bank Nat'l Trust Co.*, 2:22-cv-52-ECM-SMD (M.D. Ala. 2022) ("*Thomason V*"); *Deutsche Bank Nat'l Trust Co. v. Thomason*, 2:22-cv-287-ECM-SMD (M.D. Ala. 2022) ("*Deutsche Bank*"); and *Deutsche Bank Nat'l Trust Co. v. Thomason*, 2:23-cv-543-ECM-CWB (M.D. Ala. 2023) ("*Deutsche Bank I*").

Approximately nine months after that original remand, Thomason—along with his two daughters who are attempting to insert themselves into the lawsuit—has again removed the case, this time contending that this Court has statutory authority to hear the dispute. Not. Rem. (Doc. 1). Deutsche Bank claims that the removal is in bad faith, and thus moves to remand and for attorney's fees. Mot. (Doc. 4).

For the following reasons, Deutsche Bank's motion should be granted, this case remanded to the Circuit Court of Montgomery County, Alabama, and attorney's fees awarded to Deutsche Bank.

I.      **FACTUAL AND PROCEDURAL BACKGROUND**

On June 16, 2023, Deutsche Bank filed this action in the Circuit Court of Montgomery County, Alabama, asserting state law claims against Thomason for ejectment and declaratory judgment. Compl. (Doc. 1-7) pp. 2-7. During the state court proceedings, Thomason's daughter sought to intervene and stay the case, but the state court denied her requests. State Court Record (Doc. 1-7) pp. 86-110, 205. Thomason then removed the case to this Court. *Deutsche Bank Nat'l Trust Co. v. Thomason*, 2:23-cv-543-ECM-CWB, ("*Deutsche Bank I*"). Not. Removal (Doc. 1). Finding that removal was untimely, this Court remanded the case to state court. *Deutsche Bank I*, Order (Doc. 19).

Upon remand, Deutsche Bank filed motions for summary judgment, declaratory judgment, and injunctive relief. State Court Record (Doc. 1-7) pp. 230-243. Before the state court could dispose of the motions, Thomason—along with his daughters—removed the case to this Court for the second time, alleging a counterclaim against Deutsche Bank, the Federal Deposit Insurance Corporation ("FDIC"), and Ocwen Loan, LLC. Not. Rem.

2

(Doc. 1) pp. 7-21. The notice of removal contends that this Court has jurisdiction over the case pursuant to its statutory authority.

## II.  LEGAL STANDARD

"Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Generally, federal courts possess the power to hear only cases "authorized by Constitution and statute." *Id*. Relevant here, a defendant may remove a case pursuant to the Federal Officer Removal Statute, 28 U.S.C. § 1442a; the Equal Civil Rights Statute, 28 U.S.C. § 1443; and the Financial Institution Reform, Recovery, and Enforcement Act ("FIRREA"), 12 U.S.C. § 1819.

"[T]he burden of establishing removal jurisdiction rests with the defendant seeking removal." *Scimone v. Carnival Corp.*, 720 F.3d 876, 882 (11th Cir. 2013). "Because removal jurisdiction raises significant federalism concerns," federal courts must "construe removal statutes strictly," and all doubts about the existence of federal jurisdiction "should be resolved in favor of remand to state court." *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 411 (11th Cir. 1999).

## III.  ANALYSIS

The notice of removal alleges three bases for removal jurisdiction. First, the notice contends that removal is proper under the Federal Officer Removal Statute, 28 U.S.C. § 1442a, because Thomason's daughter, who was not a defendant in the state court proceeding but who has now attempted to interject herself into the dispute, is a member of the United States Armed Forces. Not. Rem. (Doc. 1) pp. 4-5. Second, the notice of removal contends that removal is proper under the Equal Civil Rights Statute, 28 U.S.C. § 1443,

3

because Thomason's daughter contends that as an African American female, she has been denied her rights under 42 U.S.C. § 1981 to inherit her mother's property. *Id*. at 5-6. Third, the notice of removal contends that removal is proper under FIRREA, 12 U.S.C. § 1819, because Thomason and his daughters are asserting a counterclaim, which was not filed in state court, against the FDIC. *Id*. at 2. These bases for removal are insufficient to confer jurisdiction upon this Court. And for these, and other reasons explained below, this case should be remanded.

### A.     Removal Violates This Court's Injunction Against Thomason

Removal of this case violates this Court's injunction precluding Thomason from bringing any more claims to this Court regarding the underlying property. During Thomason's fifth federal lawsuit against Deutsche Bank pertaining to the property, this Court dismissed with prejudice Thomason's complaint and found Thomason to be a vexatious litigant. *Thomason V*, Order (Doc. 22) pp. 18-20. This Court noted that "[d]espite being repeatedly told by this Court (and probably others) that his claims against Deutsche Bank are without merit, Thomason has not been deterred." *Id*. at 18. Thus, "[i]n order to prevent [Thomason] from continuing to impair this Court's function and harass Deutsche Bank and others," this Court enjoined Thomason from "filing . . . any suit against [Deutsche Bank] or other individuals and/or entities with whom he claims to be aggrieved pertaining to the subject property, its mortgage, and/or its foreclosure." *Id.* at 19. Thomason was cautioned that "any future cases pertaining to the subject property that are removed to this Court could be summarily dismissed." *Id*.

4

But even this Court's injunction has not deterred Thomason. Thomason's counterclaim attacks the foreclosure of the subject property by requesting that the Court dismiss with prejudice the current state court foreclosure action and ejectment complaint. Not. Rem. (Doc. 1) p. 18. Thus, Thomason's attempt to have this Court hear his counterclaim and the overall dispute unequivocally violates this Court's injunction against him. For this reason alone, the complaint should be summarily remanded.

Nonetheless, even if removal does not violate this Court's injunction, this Court lacks jurisdiction over the dispute and the case should be remanded for the reasons explained below.

B.   **Removal Is Not Proper Under 28 U.S.C. § 1446(b)(3)**

Normally, a defendant must remove an action within thirty days of receipt of the summons. 28 U.S.C. § 1446(b)(1); *Lowery v. Ala. Power Co.*, 483 F.3d 1184, 1212 (11th Cir. 2007). However, 28 U.S.C. § 1446(b)(3) provides that "if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." Thus, to remove an action more than thirty days after receipt of the summons, there must be: "(1) an amended pleading, motion, order, or other paper which (2) the defendant must have received from the plaintiff [or from the court, if the document is an order] and from which (3) the defendant can first ascertain that federal jurisdiction exists." *Sallee v. Ford Motor Co.*, 2014 WL 1492874, at *3 (M.D. Ala. Apr. 16, 2014) (internal quotations removed).

5

Here, significantly more than thirty days has passed since Thomason was served, and Deutsche Bank has not filed an amended pleading, motion, or other paper making the case removable. Nor has the state court entered an order that confers jurisdiction to this Court. Thus, removal is not proper under § 1446(b)(3).

C.     **Removal Is Not Proper Based on Thomason's Daughter's Allegations**

The removal statute clearly establishes that only the party against whom the lawsuit is against may remove a civil action to federal court. 28 U.S.C. § 1446 (noting that the statute repeatedly confers removal power upon "a defendant or defendants"). When removal is initiated by a nonparty, the court lacks subject matter jurisdiction. *De Jongh v. State Farm Lloyds*, 555 F. App'x 435, 437 (5th Cir. 2014) (per curiam) (unpublished) (citing *Housing Auth. of City of Atlanta, Ga. v. Millwood*, 472 F.2d 268, 272 (5th Cir. 1973)).

Here, the notice of removal argues that removal is proper under the Federal Officer Removal Statute because Thomason's daughter is a member of the United States Armed Forces who claims she has been denied protection under the service member relief act. Not. Rem. (Doc. 1) p. 5. It also contends that removal is proper under the Equal Civil Rights Statute because Thomason's daughter contends she cannot enforce her "equal rights in state court because [she is] a Black female." *Id*.

But Thomason's daughter is not a defendant in this matter. And as a nonparty to the matter, she cannot remove the case. This result is not altered because of her military status or her allegations that she is unable to enforce her rights because of her race.[2]

### D. Removal Is Not Proper Based on the Counterclaim Against FDIC—12 U.S.C. § 1819(b)(2)(B)—FIRREA

Within the notice of removal, Thomason and his daughters attempt to assert a counterclaim against, *inter alia*, the FDIC and argue that removal is proper under FIRREA

---

[2] Even if Thomason's daughter was a proper party to remove the case, removal pursuant to 28 U.S.C. § 1442a is not proper. Pursuant to the Federal Officer Removal Statute, a defendant who is a member of the United States armed forces may remove a state court civil action "on account of an act done under color of [her] office or status, or in respect to which [she] claims any right, title or authority under a law of the United States respecting the armed forces[.]" 28 U.S.C. § 1442a. To remove, a defendant must prove that she "is a federal officer, [her] conduct underlying the suit was performed under color of federal office, and [she] has a colorable federal defense." *State v. Meadows*, 88 F.4th 1331, 1338 (11th Cir. 2023) (internal quotations omitted).

Here, Thomason's daughter is not a defendant in state court. Thus, she is not a federal officer defendant asserting a colorable federal defense, nor is there a causal nexus between the suit and her official authority. As such, the Federal Officer Removal Statute does not provide a statutory basis for removal of this case to federal court, even if Thomason's daughter was a proper party to remove the case.

Similarly, removal under 28 U.S.C. § 1443 is not proper. Removal pursuant to the Equal Civil Rights Statute must satisfy a two-prong test. *Georgia v. Rachel*, 384 U.S. 780, 792, 794 (1966). "First, the petitioner must show that the right upon which the petitioner relies arises under a federal law providing for specific civil rights stated in terms of racial equality." *Alabama v. Conley*, 245 F.3d 1292, 1295 (11th Cir. 2001) (quotation marks omitted). This "does not include rights of general application available to all persons or citizens," and "broad assertions under the Equal Protection Clause . . . are insufficient to support a valid claim for removal under § 1443(1)." *Id.* at 1295-96. "Second, the petitioner must show that [she] has been denied or cannot enforce that right in the state courts." *Id.* at 1295. Blanket charges that a defendant is unable to obtain a fair trial in state court are insufficient to support removal. *Id.* at 1298-99; *see also Agyin v. Razmzan*, 986 F.3d 168, 174 (2d Cir. 2021) (holding that a "bare or frivolous invocation" of 28 U.S.C. § 1442—an appealable counterpart to § 1443—does not create appellate jurisdiction).

Here, Thomason's daughter states that she "cannot enforce [her] equal rights in the state court because [she is] a Black female that was not respected or enforced by Contract Clause" and that she has been "denied the right to petition the State Court by Corrupt State Court Judges who have conspired and engaged in forum shopping[.]" Not. Rem. (Doc. 1) p. 5. These are nothing more than bare bones allegations that Thomason's daughter is unable to enforce her rights in state court due to her race. As such, they are insufficient to invoke this Court's jurisdiction under § 1443, even if Thomason's daughter was a proper party to remove the case.

7

based on this counterclaim. As an initial matter, it is well settled that a counterclaim cannot serve as the basis for removal. *FEDCorp, Inc. v. Salamone*, 2021 WL 3084915, at *2 (S.D. Ala. July 21, 2021). Instead, a district court "must evaluate jurisdiction based upon 'whether the plaintiff could have filed its operative complaint in federal court, either because it raises claims arising under federal law or because it falls within the court's diversity jurisdiction.'" *Home Depot U.S.A., Inc., v. Jackson*, 587 U.S. 435, 441 (2019). Thus, to the extent Thomason attempts to remove based on the counterclaim itself, his reliance is misplaced.

This result is not changed because the counterclaim is asserted against the FDIC. Twelve U.S.C. § 1819(b)(2)(B) provides special removal authority when the FDIC is a party to an action, giving the FDIC authority to remove a case from state to federal court within ninety-days of an action being filed against it. 28 U.S.C. § 1819(b)(2)(B). Critically, for another party to remove the case based on the presence of the FDIC, the FDIC must appear before removal occurs. *Castleberry v. Goldome Credit Corp.*, 408 F.3d 773, 782 (11th Cir. 2005); *F.D.I.C. v. Loyd*, 955 F.2d 316, 326 (5th Cir. 1992) (holding that "the FDIC must make some appearance in the state court before the thirty-day removal clock may run against any party.").

Here, the counterclaim against the FDIC was not asserted in state court. Thus, the FDIC was not a party in state court and has not appeared in this case. As such, the case is not removable under FIRREA.

## IV. FEES

Deutsche Bank seeks fees and costs incurred with remanding this case to state court. Twenty-eight U.S.C. § 1447(c) authorizes a court to award fees if removal lacked "an objectively reasonable basis." *Martin v. Franklin Cap. Corp.*, 546 U.S. 132, 141 (2005). The attempt to remove this matter is not objectively reasonable and is an obvious attempt by Thomason to prolong litigation regarding the underlying property. Further, as explained above, the attempted removal blatantly disregards this Court's injunction, which prohibits Thomason from litigating claims in this Court against any individuals or entities pertaining to the underlying property in this dispute. For these reasons, the undersigned recommends that fees be awarded to Deutsche Bank in the amount of $7,429.50. *See* Botcher Affid. (Doc. 4-2).

## V. CONCLUSION

Because Thomason has not met his burden to show that removal to this Court is proper, it is the

RECOMMENDATION of the undersigned Chief United States Magistrate Judge that Deutsche Bank's Motion to Remand (Doc. 4) be GRANTED and that this case be remanded to the Circuit Court of Montgomery, Alabama. The undersigned further

RECOMMENDS that attorney's fees be awarded in the amount of $7,429.50 to Deutsche Bank. Finally, it is

ORDERED that the parties shall file any objections to this Recommendation on or before November 20, 2024. A party must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made; frivolous, conclusive, or

general objections will not be considered. Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) shall bar a party from a de novo determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11TH CIR. R. 3-1. *See Stein v. Lanning Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

DONE this 6th day of November, 2024.

/s/ Stephen M. Doyle
Stephen M. Doyle
CHIEF U.S. MAGISTRATE JUDGE