IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| DEUTSCHE BANK NATIONAL TRUST COMPANY, *as Trustee*, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) CASE NO. 2:24-cv-517-ECM ) |
| STEVEN CLAYTON THOMASON, | ) ) |
| Defendant. | ) |

**MEMORANDUM OPINION and ORDER**

On November 6, 2024, the Magistrate Judge entered a Recommendation that Plaintiff Deutsche Bank National Trust Company's ("Deutsche Bank") motion to remand (doc. 4) be granted; this case be remanded to the Circuit Court of Montgomery County, Alabama; and Deutsche Bank be awarded fees in the amount of $7,429.50 pursuant to 28 U.S.C. § 1447(c). (Doc. 14). Defendant Steven Clayton Thomason ("Thomason") timely filed objections to the Recommendation. (Doc. 18). Deutsche Bank also filed a reply in support of the Recommendation. (Doc. 19). After carefully reviewing the record in this case, the Court concludes that Thomason's objections are due to be overruled, the Magistrate Judge's Recommendation is due to be adopted, Deutsche Bank's motion to remand is due to be granted, and this case is due to be remanded to Montgomery County Circuit Court.

When a party objects to a Magistrate Judge's Report and Recommendation, the district court must review the disputed portions *de novo*. 28 U.S.C. § 636(b)(1); *see also*

*United States v. Raddatz*, 447 U.S. 667, 674 (1980). The district court "may accept, reject, or modify the recommended disposition; receive further evidence; or resubmit the matter to the magistrate judge with instructions." 28 U.S.C. § 636(b)(1). *De novo* review requires that the district court independently consider factual issues based on the record. *Jeffrey S. by Ernest S. v. State Bd. of Educ. of State of Ga.*, 896 F.2d 507, 513 (11th Cir. 1990). However, objections to the Magistrate Judge's Report and Recommendation must be sufficiently specific in order to warrant *de novo* review. *See LoConte v. Dugger*, 847 F.2d 745, 750 (11th Cir. 1988) ("Whenever any party files a timely and specific objection to a finding of fact by a magistrate [judge], the district court has an obligation to conduct a *de novo* review of the record with respect to that factual issue."). Otherwise, a Report and Recommendation is reviewed for clear error.

As the Magistrate Judge observed in the Recommendation, this action is the latest in a series of legal proceedings between Deutsche Bank and Thomason concerning certain real property in Montgomery, Alabama. On September 21, 2022, during Thomason's fifth federal lawsuit against Deutsche Bank concerning this real property, the Court declared Thomason a vexatious litigant and enjoined him from "filing in this Court[] any suit against Deutsche Bank or other individuals and/or entities with whom he claims to be aggrieved pertaining to the subject property, its mortgage, and/or its foreclosure." (Doc. 22 at 19–20 in *Steven Clayton Thomason v. Deutsche Bank*, 2:22-cv-52-ECM-SMD (M.D. Ala. Sept. 21, 2022)).

Here, the Magistrate Judge recommended that Deutsche Bank's motion to remand

2

be granted because Thomason's removal of this action violated the Court's September 21, 2022 injunction. (Doc. 14 at 5). The Magistrate Judge further recommended that Deutsche Bank's motion to remand be granted, even if removal did not violate the Court's injunction, because (1) the removal was not timely; (2) the Court does not have subject matter jurisdiction based on Thomason's daughter's allegations; and (3) the Court does not have subject matter jurisdiction based on Thomason's counterclaim against the Federal Deposit Insurance Corporation ("FDIC"). (*Id.* at 5–8). The Magistrate Judge further recommended that, pursuant to 28 U.S.C. § 1447(c), Deutsche Bank be awarded fees in the amount of $7,429.50 because removal lacked an objectively reasonable basis. (*Id.* at 9).

The Court has carefully reviewed the record in this case, the Magistrate Judge's Recommendation, and Thomason's objections. To the extent Thomason makes general or conclusory objections, these objections are reviewed for clear error and are due to be overruled.

In his objections, Thomason argues that the Court has subject matter jurisdiction over this action because it involves the same property and claims previously removed to this Court by FDIC. Thomason also argues that Deutsche Bank's prior foreclosure action was barred by the statute of limitations; the mortgage on the subject property was released in 2014; and Bre Leonna Thomason and Norcisse Thomason are joint owners of the property and thus necessary parties. These arguments, however, fail to demonstrate any error in the Magistrate Judge's finding that Thomason's removal violates the Court's injunction; the Magistrate Judge's finding that removal was untimely; or the Magistrate

3

Judge's ultimate conclusion that the case is due to be remanded. Further, concerning the Court's purported jurisdiction based on FDIC's earlier removal, the Court observes that the instant case which Thomason removed is a different case, with a different case number, from the case which FDIC previously removed.[1] Thomason fails to cite authority for the proposition that FDIC's removal of a different case confers subject matter jurisdiction on the Court in *this* case, in which FDIC is not asserted to have ever been a party.[2] Consequently, Thomason's objections are due to be overruled. Finally, the Court agrees with the Recommendation's finding that Thomason "lacked an objectively reasonable basis for seeking removal," *see Martin v. Franklin Cap. Corp.*, 546 U.S. 132, 141 (2005), and that Deutsche Bank is entitled to fees in the amount of $7,429.50 pursuant to 28 U.S.C. § 1447(c).

Accordingly, upon an independent review of the record, and for good cause, it is

ORDERED as follows:

1. Thomason's objections (doc. 18) are OVERRULED;

2. The Recommendation of the Magistrate Judge (doc. 14) is ADOPTED;

3. Deutsche Bank's motion to remand (doc. 4) is GRANTED;

4. Pursuant to 28 U.S.C. § 1447(c), Deutsche Bank is awarded fees against Thomason in the amount of $7,429.50;

---

[1] FDIC removed Case Number 03-CV-2018-000433, Montgomery County Circuit Court. (Doc. 18-1). Thomason removed Case Number 03-CV-2023-900827, Montgomery County Circuit Court. (Doc. 1 at 1).

[2] Even if he had, it would not change the Court's conclusion that the motion to remand is due to be granted because the instant removal violates the Court's injunction, and separately, because removal was untimely.

5. This case is REMANDED to the Circuit Court of Montgomery County, Alabama;

6. The Clerk of the Court is DIRECTED to take all steps necessary to effectuate the remand to the Circuit Court of Montgomery County, Alabama.

DONE this 3rd day of December, 2024.

                              /s/ Emily C. Marks
                            EMILY C. MARKS
                            CHIEF UNITED STATES DISTRICT JUDGE